UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMES A.G. OVERTON *for Alexander Jesse Overton*, | CASE NO. 10cv1380-MMA(WMc) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| | [Doc. No. 2] |
| JOEL R. WOHLFEIL, et al., | **DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |
| Defendant. | [Doc. No. 1] |

On June 30, 2010, Plaintiff James A.G. Overton, a non-prisoner proceeding *pro se* and on behalf of his minor son Alexander Jesse Overton, submitted a complaint against multiple defendants pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court *sua sponte* dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

### DISCUSSION

*1.   Motion to Proceed IFP*

The Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the requisite filing fee. 28 U.S.C. § 1915(a). Based on the information provided by Plaintiff, pursuant

to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion.

  *2.  Screening Pursuant to 28 U.S.C. §1915*

  The determination that a plaintiff may proceed IFP does not complete the required inquiry. The Court must also screen complaints brought by parties proceeding IFP. *See* 28 U.S.C. § 1915(e)(2); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *accord Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the Court is directed to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Lopez*, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, __ U.S. ___ , 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). The Court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The Court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071 (citations and quotation marks omitted). The Court must construe a *pro se* pleading liberally to

determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. *See Lopez*, 203 F.3d at 1130-31.

Upon review of the complaint, and for the reasons that follow, the Court dismisses the complaint for failure to comply with the pleading standards described above.

a) <u>Claims Against Defendants David B. Oberholtzer, Browder Willis III, and Joel Wohfeil</u>

Plaintiff alleges various civil rights claims against three San Diego Superior Court Judges David B. Oberholtzer, Browder Willis III, and Joel Wohfeil, based on judicial decisions made by these defendants while presiding over various cases appearing to involve Plaintiff and his minor children in family and juvenile court. Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Here, Plaintiff's allegations against these defendants relate entirely to judicial decisions and acts which occurred during various judicial proceedings, and as such, fail to state a claim upon which relief can be granted. His claims involve actions taken by these judges in their judicial capacities. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). As a result, Plaintiff's claims against these defendants shall be dismissed with prejudice on grounds of judicial immunity.

b) <u>Claims Against Defendants Terrence Chucas, Paul Staley, and Georgia Mansury</u>

Plaintiff also alleges several claims against attorney Terrence Chucas, who acted as counsel on behalf of Plaintiff's minor child during some portion of the contested judicial proceedings in family/juvenile court; attorney Paul Staley, who represented the mother of Plaintiff's minor child during the proceedings; and Georgia Mansury, a Family Court Services Mediator. Plaintiff seeks to impose liability for constitutional torts under Section 1983 on these three private persons. To have a

claim under 42 U.S.C. § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). However, the conduct of these individuals is not treated as that of the State itself, and their conduct was not that of traditional state actors. *See also Miranda v. Clark County, Nevada*, 319 F.3d 465 (9th Cir. 2003) (even if employed by government agency, if attorney is engaged in traditional lawyer role, lawyer is not state actor for § 1983 purposes). As a result, Plaintiff fails to state a § 1983 claim upon which relief may be granted as to these defendants and his claims shall be dismissed.

       3.     *Rooker-Feldman Doctrine*

The Court notes that generally the complaint appears to challenge various state court orders to deny Plaintiff relief he now seeks here. A federal court is not the proper forum to attack state court orders. Federal courts lack jurisdiction to review or modify state court judgments under the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The Rooker-Feldman doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. at 482. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738). "Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v.*

1  *Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16).

2  Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the Rooker-Feldman doctrine is jurisdictional).  A federal district court is a court of original jurisdiction and has no authority to review final determinations of state courts.  *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994).  "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994).

Here, Plaintiff's complaint reveals no grounds to properly invoke this Court's jurisdiction.  His allegations are barred under the Rooker-Feldman Doctrine, and certain defendants are entitled to immunity from suit.  Accordingly, an attempt at amendment is unwarranted and would be futile.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Plaintiff's complaint in its entirety with prejudice and without leave to amend.  The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED**.

DATED:  September 14, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge